UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SHEILA SWAHN

V.                                                                                                  Docket No.: 15-471

NCO FINANCIAL SYSTEMS, INC.

## COMPLAINT

1. The Plaintiff, Sheila Swahn, is an individual residing at 94 Arnold Street, Woonsocket, Rhode Island.
2. Defendant NCO Financial Systems, Inc. (hereinafter "NCO"), with a usual place of business at 507 Prudential Road, Horsham, Pennsylvania, is a debt collection company that does business within this judicial district.
3. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.
4. Defendant NCO is a "debt collector" as defined by 15 U.S.C. §1692a(6) of the FDCPA.
5. Plaintiff is a "consumer" as defined by 15 U.S.C.§1692a(3) of the FDCPA.
6. During the months of August through November 2014, Plaintiff received several telephone calls from an NCO representative looking for someone other than Plaintiff.
7. Plaintiff advised NCO she was not the person they were seeking and to stop calling her.
8. On or about November 25, 2014, Plaintiff received another call from NCO, during which the representative harrassed her and called her an "idiot".
9. Due to this abusive incident and continuing calls from NCO, Plaitniff placed a block on her phone. However, Plaintiff has continued to receive calls from NCO.
10. The above contacts between NCO and Plaintiff were "communications' relating to a "debt" as defined by 15 U.S.C. §1692a(2) and 1692a(5) of the FDCPA.
11. Defendant has violated 15 U.S.C. § 1692(b)(3), which states "any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct

    or complete location information."

12. NCO's continuing calls also amount to harrassment, which is a violation of the FDCPA §1692d(5).

13. NCO knew or should have known that its actions violated the FDCPA. Additionally, NCO could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

14. As a result of the above violations of the FDCPA, NCO is liable to Plaintiff for actual damages, statutory damages which can be up to $1,000, attorney's fees and costs for each and every violation.

WHEREFORE, Plaintiff demands that judgment be entered against Defendant as follows:

(a) That judgment be entered against NCO for actual damages pursuant to

15 U.S.C. § 1692b(3);

(b) That judgment be entered against NCO for statutory damages pursuant

to 15 U.S.C. § 1692k1692b(3);

(c) That judgment be entered against NCO for actual damages pursuant to 15 U.S.C. § 1692d(5);

(d) That judgment be entered against NCO for statutory damages pursuant to 15 U.S.C. § 1692d(5);

(e) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(f) That the Court grant such other and further relief as may be just and proper.

                                                                Respectfully Submitted,

Dated: November 5, 2015

                                                    /s/ Elizabeth W. Shealy, Esq.
                                                    Elizabeth W. Shealy #6910
                                                    86 Preston Drive
                                                    Cranston, RI 02910
                                                    (401) 556-0324